UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

------------------------------------------------------------ x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBERS:

195916 (114 BEER & WINE, INC),
195963 (GCBW, INC.), and
196037 (OCEAN CITY PIZZADEL, INC.).

------------------------------------------------------------ x

REPORT AND RECOMMENDATION OF SPECIAL MASTER

1:24-MC-03415-BMC-JAM

1:26-MC-03590-BMC-JAM

**Parties**:

Mohamad "Mike" Ramadan
Salah Enterprises of OC
Rule 23(b)(3) Class Plaintiffs (the "Class")

**Representatives**:

Mohamad S. "Mike" Ramadan
Address
(410) 430-7511
msr8109@aol.com
Representing himself

Samer Ramadan
Salah Enterprises of OC
(410) 430-0637
bsmmanageoc@gmail.com
Representing Salah Enterprises of OC

Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

Mohamad S. "Mike" Ramadan ("M. Ramadan") and Salah Enterprises of OC ("Salah") have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of three businesses: 114 Beer & Wine, Inc. d/b/a "114th St Beer & Wine" and "Gold Coast Beer & Wine" ("114 Beer"); GCBW, Inc. d/b/a "Gold Coast Beer Wine Liquor" ("GCBW"); and Ocean City Pizzadel, Inc. d/b/a "Ledo Pizza" ("OCP" or, collectively with 114 Beer and GCBW, the "Ramadan Merchants").[1] Samer Ramadan ("S. Ramadan") owns and operates Salah and is M. Ramadan's brother. As explained below, I respectfully recommend that the Court direct the Class Administrator to process M. Ramadan's registration and withdraw Salah's.

The two brothers do not appear to disagree about the material facts. M. Ramadan states that he owns all three Ramadan Merchants and is not employed by or otherwise associated with Salah. *See* Email from M. Ramadan dated Aug. 24, 2024. In support of that assertion, he has submitted the following documents:

- Articles of Incorporation of 114 Beer dated Apr. 21, 2002 (naming M. Ramadan as resident agent and sole Director);

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's Taxpayer Identification Number ("TIN") with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

- Articles of Revival of Beerd June 28, 2010 (designating Mohamad Ramadan as resident agent);
- Articles of Incorporation of GCBW dated July 8, 2013 (naming M. Ramadan as sole Director);
- unsigned copy of Fourth Assignment of Lease Agreement dated Feb. 11, 2014 (naming 114 Beer as assignor, GCBW as assignee, and M. Ramadan individually as guarantor, with M. Ramadan's name on the signature line for each);
- Amendment of Lease dated July 1, 2015, releasing a corporation and four individuals including S. Ramadan as the lessee of a location known as Ledo's Pizza and transferring the lease to new lessee Ocean City Pizzadel, Inc. with M. Ramadan as guarantor (signed by M. Ramadan as both the new lessee's "Authorized Legal Representative" and guarantor);
- Articles of Amendment of Ocean City Pizzadel, Inc. naming M. Ramadan as the sole director and shareholder;[2]
- Extension, Expansion and Modification of Lease Agreement between lessor and GCBW as lessee, with M. Ramadan as guarantor (signed by M. Ramadan as both GCBW's President and guarantor);
- Agreement of Lease dated June 1, 2017 between lessor and lessees Ocean City Pizzadel, Inc. and M. Ramadan (signed by M. Ramadan as both GCBW's President and guarantor)
- Maryland State Department of Assessments and Taxation listing for 114 Beer (identifying M. Ramadan as Resident Agent);

S. Ramadan asserts that he owned and operated the Ramadan Merchants from 2000 through 2017, and that M. Ramadan started operating the businesses in 2018 and continues to do so. He adds that he and his brother are no longer on speaking terms and that he does not know how to resolve the conflict. *See* Email from S. Ramadan dated Oct. 3, 2024.

[2] M. Ramadan has also submitted the Articles of Incorporation of Ocean City Pizzadel, Inc. dated Sept. 6, 2013, which names Anisa Diab and Abbas Diab as the sole Directors and shareholders. The latter two individuals signed the Articles of Amendment described above.

II. Analysis

M. Ramadan has demonstrated that he owns each of the three Ramadan Merchants. S. Ramadan does not say otherwise; at most, he appears to contend that his past ownership and operation of those entities empowers him to claim some or all of the settlement funds due to the Ramadan Merchants. *See* Email from S. Ramadan dated Oct. 3, 2024.[3] As the sole owner of the three merchants, M. Ramadan alone has authority to register their TINs. To the extent S. Ramadan may be entitled to a portion of the Ramadan Merchants' recovery, that entitlement would arise out of a private relationship, contractual or otherwise, with his brother. As a result, any claim S. Ramadan may have with respect to that recovery must be asserted against his brother rather than as a direct claim for a portion of the settlement fund.

S. Ramadan has not mentioned the possibility of any such lawsuit, and I do not address its merits here. Even if S. Ramadan did seek to assert a claim against his brother for a portion of the Ramadan Merchants' recovery, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In re MDL 1720 Damages Class Settlement Disps*., 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process M. Ramadan's registration and withdraw Salah's.

---

[3] He may not intend to make even that claim. After noting that he previously owned and operated the businesses, he asks: "What kind of information can I provide as proof that we are entitled to the settlement offer?" *Id*. That may mean that he believes he and his brother ("we") are entitled to recovery and asks only what proof he must provide individually ("I"). Because S. Ramadan has no counsel, I interpret his submission to make the strongest argument it can support.

## IV. Objections

This Report and Recommendation will be served on M. Ramadan and Salah via the Court's ECF system, and the Class Administrator will also promptly provide a copy to each of them. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03590-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 4, 2026

*/s/ James Orenstein*
Special Master